| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------X<br>IN RE:<br><br>    SANT S. CHATWAL,<br><br>                                   Debtor,<br>------------------------------------<br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br>as Receiver of FIRST NEW YORK BANK FOR<br>BUSINESS,<br><br>                                  Plaintiff,<br><br>         -against-<br><br>SANT S. CHATWAL,<br><br>                                 Defendant.<br>------------------------------------X | **Presentment Date:**<br>**December 18, 2000 at 12:00 noon**<br><br>Involuntary Chapter 7<br><br>Case No. 95 B 43003 (CB)<br><br><br>Adv. P. No. 97/8031A |

## STIPULATION AND ORDER BETWEEN THE FDIC AND SANT S. CHATWAL

WHEREAS, the Federal Deposit Insurance Corporation, as Receiver of First New York Bank for Business ("FDIC"), alleges that prior to November 13, 1992, First New York Bank for Business ("Bank") was a depository institution organized and existing under the laws of the State of New York;

WHEREAS, the FDIC alleges that on (i) November 13, 1992, the Bank was closed by the Superintendent of Banks of the State of New York, (ii) pursuant to 12 U.S.C. ' 1821(c), the FDIC

was appointed receiver and (iii) in accordance with 12 U.S.C. ' 1821(d), the FDIC as receiver succeeded to all rights, titles, powers, claims and privileges of the Bank, including, without limitation, those with respect to its assets;

WHEREAS, the FDIC alleges that among the assets to which the FDIC as receiver succeeded were any and all of the Bank=s claims, demands, and causes of actions against its former directors, officers and employees arising from the performance, nonperformance and manner of performance of their respective functions, duties and acts as directors and/or officers of the Bank;

WHEREAS, on July 11, 1995, an involuntary bankruptcy petition was filed under Chapter 7 of title 11 of the United States Bankruptcy Code against Sant S. Chatwal (AChatwal@ or ASettling Director@), who served as a Director of the Bank;

WHEREAS, the FDIC commenced the instant adversary proceeding against Chatwal by filing an adversary complaint on January 10, 1997 objecting to discharge and dischargeability (AAdversary Proceeding@);

WHEREAS, Chatwal has denied liability vis-a-vis the FDIC=s Adversary Proceeding; and

WHEREAS, Chatwal and the FDIC have reached a settlement with respect to the Adversary Proceeding (AAgreement@).

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the FDIC and Chatwal as follows.

RO4146.W51

-2-

## SECTION I:  Payment to FDIC

        A.     As an essential covenant and condition to this Agreement, the Settling Director agrees to pay One Hundred Twenty-Five Thousand Dollars ($125,000) (ASettlement Payment@), in full and complete satisfaction of the FDIC=s claims.

        B.     Upon the execution of an original, or originals in counterpart, of this Agreement by each of the undersigned parties to this Agreement, the Settling Director shall pay his Settlement Payment to Thelen Reid & Priest LLP, counsel to the FDIC, as escrow agent, by direct wire transfer into an account designated by Thelen Reid & Priest LLP.  Thelen Reid & Priest LLP shall hold the Settlement Payment in escrow until approval of the within Agreement by the Bankruptcy Court pursuant to Section VI.H hereof, at which time the Settlement Payment shall be released from escrow to the FDIC.  Payment shall not be deemed to have been made until and unless the FDIC has received notification that the wired funds have been received in the account designated by the FDIC.  The failure of the Settling Director to pay his or her Settlement Payment as set forth above shall cause the within Agreement to become null and void in its entirety.

SECTION II: **Dismissal of the Adversary Proceeding**

Upon receipt from escrow by the FDIC of the Settlement Payment described in Section I, Chatwal shall seek to have the Adversary Proceeding dismissed, with prejudice, with each party to bear its own costs as these were originally incurred.

**SECTION III: Releases**

  A. <u>Release of Settling Director by FDIC.</u>  Effective upon the payment from escrow to the FDIC of the Settlement Payment pursuant to Section I of this Agreement, and except as provided in Paragraphs III.C. and V, the FDIC, for itself and its successors and assigns, hereby releases and discharges the Settling Director and his or her respective heirs, executors, administrators, representatives, successors and assigns, from any and all claims, demands, obligations, damages, actions, and causes of action, direct or indirect, in law or in equity, belonging to the FDIC, that arise from or relate to the Bank or to the performance, nonperformance, or manner of performance of the Settling Director=s duties and/or actions as an officer, director and/or committee member of the Bank, including without limitation any causes of action alleged against the Settling Director in the Adversary Proceeding.

  B. <u>Release of FDIC by the Settling Director.</u>  Effective simultaneously with the release granted in Paragraph III.A. above, and except as provided in Paragraphs III.C. and V, the Settling Director, on behalf of himself and his respective heirs, executors, administrators, representatives, successors and assigns, hereby releases and discharges the FDIC and its employees,

officers, directors, representatives, successors and assigns from any and all claims, demands, obligations, damages, actions, and causes of action, direct or indirect, in law or in equity, that arise from or relate to the Bank or to the performance, nonperformance, or manner of performance of the Settling Director=s respective functions, duties and/or actions as officers, directors and/or committee members of the Bank.

      C.      <u>Express Reservations From Releases</u>

      1.      Except as otherwise discharged pursuant to the Bankruptcy Code, by this Agreement the FDIC and the Settling Director do not release, and expressly preserve fully and to the same extent as if the Agreement had not been executed, any claims or causes of action:

      a.      against the Settling Director or any other person or entity for liability, if any, incurred as the maker, endorser or guarantor of any promissory note or indebtedness payable or owed by him or her to the FDIC, the Bank, other financial institutions, or any other person or entity, including without limitation any claims for such liability acquired by the FDIC as successor in interest to the Bank or any person or entity other than the Bank and any counterclaims and crossclaims relating thereto;

      b.      against any person or entity not expressly released in this Agreement; and

      c.      which are not expressly released in Paragraphs III.A. and III.B.

2. Notwithstanding any other provision, this Agreement does not purport to waive, or intend to waive, any claims which could be brought by the United States through either the Department of Justice, the United States Attorney=s Office for the Southern District of New York or any other federal judicial district.

### SECTION IV:  Acknowledgment of Non-entitlement to Dividends

The Settling Director hereby acknowledges that he is not entitled to a dividend, payment, or other pro rata distribution upon resolution of the receivership of the Bank.

### SECTION V: **Remedies or Rights in the Event of a Breach of this Agreement**

In the event of any breach of this Agreement, the undersigned parties shall have and be entitled to pursue all remedies and to exercise all rights available to them under this Agreement, otherwise available at law or in equity with respect to the Agreement, including but not limited to, a suit for breach of the Agreement and the specific enforcement of the Agreement and enforcement of the within Agreement pursuant to ' 3213 and ' 3215 of the CPLR, or comparable federal court procedures.

## SECTION VI: Representations and Acknowledgements

A. <u>No Admission of Liability</u>. The undersigned parties each acknowledge and agree that the matters set forth in this Agreement constitute the settlement and compromise of disputed claims, and that this Agreement is not an admission or evidence of liability, negligence or misconduct, by any of them.

B. <u>Ownership of Claim</u>. The FDIC represents and warrants that it is the sole successor to all rights, titles, powers, claims, demands and causes of action and privileges of the Bank and that it has not transferred, sold or otherwise disposed of the claims or causes of action against the Settling Director subject to the within Settlement Agreement.

C. <u>Execution in Counterparts</u>. This Agreement may be executed in counterparts by the parties named herein and all such counterparts when so executed shall together constitute the final Agreement, as if one document had been signed by the parties hereto; and each such counterpart, upon execution and delivery, shall be deemed a complete original, binding the party subscribed thereto, according to its terms, upon the execution by each party to this Agreement.

D. <u>Binding Effect</u>. Each of the undersigned persons represents and warrants that they are a party hereto or are authorized to sign this Agreement on behalf of the respective party, and that they have the full power and authority to bind such party to each and every provision of this Agreement. This Agreement shall be binding upon and inure to the benefit of the undersigned parties and their respective heirs, executors, administrators, representatives, successors and assigns.

E. Choice of Law. This Agreement shall be interpreted, construed and enforced according to the laws of the State of New York without regard to any rules as to conflicts of laws.

F. Entire Agreement and Amendments. This Agreement constitutes the entire agreement and understanding between and among the undersigned parties concerning the matters set forth herein. This Agreement may not be amended or modified except by another written instrument signed by the party or parties to be bound thereby, or by their respective authorized attorney(s) or other representative(s).

G. Reasonable Cooperation. The undersigned parties agree to cooperate in good faith to effectuate all the terms and conditions of this Agreement, including doing or causing their agents and attorneys to do whatever is reasonably necessary to effectuate the signing, delivery, execution, filing, recording, and entry, of any documents necessary to conclude the Adversary Proceeding against the Settling Director, and to otherwise perform the terms of this Agreement.

H. Bankruptcy Court Approval. This Agreement is subject to the approval of the United States Bankruptcy Court after notice and hearing. This Agreement shall become binding and enforceable upon the eleventh (11) day after entry of an Order approving this Agreement, which Order is not otherwise subject to a stay of enforcement.

IN WITNESS WHEREOF, the parties hereto and their attorneys have caused this Agreement to be executed by each of them or their duly authorized representatives on the dates hereinafter subscribed.

RO4146.W51

Dated: October 24, 2000             THELEN REID & PRIEST LLP


                                    By: /s/ Kathleen M. Balderston
                                        Kathleen M. Balderston (KB 1465)
                                        Russell A. Divak (RD 2094)

                                    40 West 57th Street
                                    New York, New York 10019
                                    (212) 603-2000

                                    Attorneys for the FDIC, as Receiver of the First New York
                                    Bank for Business



                                    FEDERAL DEPOSIT INSURANCE CORPORATION


Date: October 17, 2000              By:    /s/ Bernard M. Brodsky
                                           Bernard M. Brodsky

                                    Title: Counsel

Dated: October 10, 2000         ROBINSON BROG LEINWAND GREENE GENOVESE


By:    /s/ A. Mitchell Greene
       A. Mitchell Greene (AG 5900)
       Robert M. Sasloff (RS 6167)

1345 Avenue of the Americas
New York, New York 10105
(212) 586-4050

Attorneys for Sant S. Chatwal



Date: October 10, 2000          /s/ Sant S. Chatwal
                                SANT S. CHATWAL



SO ORDERED,
this 19th day of December , 2000


/s/ Cornelius Blackshear
Honorable Cornelius Blackshear
United States Bankruptcy Judge

RO4146.W51